### In the MATTER OF: Steven M. KIRSH, Respondent

### Supreme Court Case No. 29S00-1703-DI-154

Supreme Court of Indiana.

September 08, 2017

Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** "Clients" tentatively had agreed with "Birth Mother" to adopt her baby after its birth, and Clients retained Respondent to represent them in the intended adoption. Late in her pregnancy, Birth Mother expressed concern to Respondent about Clients adopting her child and asked to look at profiles of other prospective adoptive parents. Respondent provided Birth Mother with these profiles, and Birth Mother ultimately selected another set of adoptive parents from the files provided to her by Respondent. Respondent did not discuss any of this with Clients until after Birth Mother had chosen a different set of adoptive parents. Although Respondent had other prospective adoptive parents sign written conflict-of-interest waivers, he neglected to have Clients sign one.

When Respondent and Clients discussed a partial reimbursement of fees advanced by Clients, Respondent presented Clients with a release form to sign that purported to bar Clients from filing a "claim" with the Disciplinary Commission. Clients refused to sign the release and retained separate counsel in contemplation of a legal malpractice suit. Respondent and Clients eventually reached a settlement.

The parties cite no facts in aggravation. Mitigating factors cited by the parties include among other things Respondent's lack of prior discipline, his cooperation with disciplinary proceedings, and his settlement with Clients.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.7(a): Representing a client when the representation may be materially limited by the attorney's responsibilities to another client, a former client or a third person.

1.8(b): Using information relating to representation of a client to the disadvantage of the client without the client's informed consent.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur, except for Rush, C.J., who is not participating.